**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **v.** | § | **NO.  4:18-CR-00131-SDJ-KPJ** |
| | § | |
| **MARQUETT CAINS DORSEY,** | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant's Motion for Pre-Trial Release (the "Motion")

(Dkt. 947), to which the Government filed a response (Dkt. 948). Defendant is charged in a Third

Superseding Indictment with Conspiracy to Interfere with Interstate Commerce by Robbery,

Aiding and Abetting, an offense that occurred from August 1, 2017, through January 9, 2019, in

violation of 18 U.S.C. §§ 1951 and 1952 ("Count 1") as well as Interference with Interstate

Commerce by Robbery, Aiding and Abetting, an offense that occurred on August 14, 2018, in

violation of 18 U.S.C. §§ 1951 and 1952 ("Count 5"). *See* Dkt. 928 at 4.

Following a detention hearing in the Southern District of Texas, Defendant was detained

by order on September 19, 2020. On August 20, 2019, Defendant pled guilty to Count 1. *See* Dkt.

674. Defendant has been detained pending his sentencing, which is scheduled to occur on July 17,

2020. *See* Dkt. 947. In the present Motion, Defendant argues that his mental condition and

ADHD, as well as the presence of COVID-19 in the Smith County Jail, presents a life-threatening

health risk. *See* Dkt. 947. Defendant argues that he has a stable home with a family to which he can

safely be released with ankle monitoring. *See* Dkt. 947.

"A detention hearing 'may be reopened . . . if the judicial officer finds that information

exists that was not known to the movant at the time of the hearing and that has a material bearing

on the issue whether there are conditions of release that will reasonably assure the appearance of

such person as required and the safety of any other person and the community.'" *United States v. Mathes*, 593 F. App'x 391, 392 (5th Cir. 2015) (citing 18 U.S.C. § 3142(f)(2)). In making a determination of whether there are conditions of release that will reasonably assure the appearance of a defendant and the safety of the community, the court shall consider "(1) the nature and circumstances of the offense charged;" "(2) the weight of the evidence against the person:" "(3) the history and characteristics of the person;" and "(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

Defendant has offered no new information or evidence that has a material bearing on the issue of whether there are conditions of release that will reasonably assure his appearance and the safety of any other person and the community. Importantly, Defendant has not demonstrated how general concerns related to COVID-19 apply specifically to his case; Defendant's general concerns regarding COVID-19 apply to every prisoner. Defendant's argument for release due to the inherent nature of detention, which applies to all prisoners, does not address either prong of the § 3142(f)(2) analysis, and fundamentally cannot be accomplished by the Court. *See United States v. Munguia*, No. 3:19-CR-191-B (03), 2020 WL 1471741, at *4 (N.D. Tex. Mar. 26, 2020) (denying reopening of issue of detention where the defendant's argument would be an argument for releasing all detainees); *see also United States v. Fitzgerald*, Case No. 2:17-cr-00295-JCM-NJK, 2020 WL 1433932, at *2  (D. Nev. Mar. 24, 2020) ("Defendant's argument . . . applies equally to anyone in custody or, for that matter, at the halfway house or anywhere else in this community or any other. Defendant's argument applies equally to every detainee in detention; however, the Court cannot release every detainee at risk of contracting COVID-19 because the Court would then be obligated to release every detainee. Therefore, the Court finds Defendant's COVID-19 argument unpersuasive.").

In considering pre-trial detention, courts shall consider the "history and characteristics of the person." 18 U.S.C. § 3142(g)(3). This factor includes an assessment of an individual's "family ties" and, more pertinent to the present issue, an individual's "physical and mental condition." *See id*. Defendant cites his mental health issues and ADHD diagnosis, but does not explain how his reported conditions put him specifically at risk due to the presence of COVID-19 in the Smith County Jail.

The Court has previously considered the issues presented by COVID-19 generally as to all detainees. *See United States v. Ayala-Calderon*, No. 4:19-cr-276, 2020 WL 1812587, at *2–4 (E.D. Tex. Apr. 8, 2020) (citing the ongoing response to the COVID-19 pandemic in the Eastern District, the state of correctional facilities, and the developing case law concerning the issue of pretrial release for COVID-19 related reasons). While the Court did not specifically address the Smith County Jail in its previous opinion, Defendant's Motion misstates the current reported status of the Jail. Defendant stated that there are "155 inmates who have been confirmed of COVID-19, 4 deaths." *See* Dkt. 947. The article cited for this report (https://www.cbs19.tv/article/news/local/ gregg-smith-counties-report-new-covid-19-cases-at-jails/501-7d20a27a-ac95-4f68-256901f24cb fd7f) indicates that this figure represents the confirmed cases in Smith County, exempting the Smith County Jail. To the Court's best knowledge, as of May 21, 2020, in Smith County Jail there are ten inmates with active positive test confirmation, one-hundred ninety-six inmates are quarantined/isolated, but not active, and there has been one confirmed death related to COVID-19. *See* https://www.tcjs.state.tx.us/wp-content/uploads/2020/05/TCJS_ COVID_Report.pdf.

Defendant has not presented any countervailing argument or evidence that adequate precautions are not being taken in the Smith County Jail. Moreover, Defendant has not presented convincing argument that Defendant's potential exposure to COVID-19 would be meaningfully

limited upon release from detention. Thus, considering the information before the Court, Defendant has not demonstrated that concerns related to COVID-19 raise new issues regarding his physical and mental condition. As such, Defendant has failed to meet his burden to demonstrate that the Court should reconsider the finding of detention.

Additionally, pursuant to Section 3143(a)(2), Defendant's guilty plea for a crime of violence under 18 U.S.C § 3142(f)(1)(A) subjects him to mandatory detention. Thus, to be eligible for release, Defendant must show by clear and convincing evidence that he is not a flight risk or a danger (which he has not done) and he must show that either there is a substantial likelihood that a motion for acquittal or new trial will be granted, that an attorney for the Government has recommended that no sentence of imprisonment be imposed (*see* 18 U.S.C. § 3143(a)(2)), or that there are "exceptional reasons" why detention would not be appropriate (*see* 18 U.S.C. § 3145(c)). Defendant has made no such showing.

For the reasons set forth herein, it is **ORDERED** that Defendant's Motion for Pre-Trial Release (Dkt. 947) is **DENIED**.

**So ORDERED and SIGNED this 26th day of May, 2020.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE